**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MICHAEL HENNESSY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, *Plaintiff*, <br><br> v. <br><br> GRUNT STYLE, LLC, *Defendant* | § § § § § § § § § | Civil Action No. SA-25-CV-01032-XR |

## <u>ORDER ON MOTION TO DISMISS COUNTERCLAIM FOR FRAUD</u>

On this date, the Court considered Plaintiff's motion to dismiss (ECF No. 9) Defendant's counterclaim for fraud, Defendant's response (ECF No. 13), and the parties' arguments at the hearing on December 2, 2025. After careful consideration, the Court issues the following order.

### BACKGROUND

Plaintiff Michael Hennessy alleges that, beginning in June 2025, Defendant Grunt Style, LLC violated the Do-Not-Call Registry ("DNCR") provisions of the Telephone Consumer Protection Act ("TCPA") by sending multiple telemarketing text messages to his cell phone number, which has been listed on the DNCR since February 27, 2018. *See* ECF No. 1; 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). He filed this action, individually and on behalf of all others similarly situated, seeking statutory and actual damages and injunctive and declaratory relief.

In response, Defendant asserted a counterclaim for fraud, alleging that Plaintiff induced the marketing messages by "expressly authoriz[ing] Grunt Style to contact him in the future" when he ordered items from Grunt Style's website in September 2016 and December 2019, and that those purchases created an "established business relationship." ECF No. 6 at 18. Plaintiff moves to dismiss Defendant's counterclaim for fraud because it fails to satisfy for the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b). ECF No. 9.

**DISCUSSION**

**I.      Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Federal Rule of Civil Procedure 8 generally requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2). "Claims alleging fraud and fraudulent inducement are subject to the requirements of Rule 9(b)[.]" *Schnurr v. Preston*, No. 5:17–CV–512–DAE, 2018 WL 8584292, at *3 (W.D. Tex., May 29, 2018). Rule 9(b) provides that a party "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b).

"[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. VMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). "Directly put, the who, what, when, and where must be laid out." *Id.* at 178. "Facts and circumstances constituting charged fraud must be specifically demonstrated and cannot be presumed from vague allegations." *Howard v. Sun Oil Co.*, 404 F.2d 596, 601 (5th Cir. 1968). "Anything less fails to provide defendants with adequate notice of the nature and grounds of the claim." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## II.    Analysis

To state a claim for fraud in Texas, a plaintiff must allege that (i) the defendant made a material misrepresentation that was false, (ii) the defendant knew the representation was false or made the representation recklessly without knowledge of its truth, (iii) the defendant intended for the plaintiff to rely upon it, and (iv) it was in fact relied upon, and caused injury because of such reliance. *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 217 (Tex. 2011).

To begin, Defendant insists, based on Plaintiff's purchases in 2016 and 2019, that it "has an established business relationship with" Plaintiff, and Plaintiff "is a customer." ECF No. 6, Counterclaim ¶¶ 10–11. But an "established business relationship" is defined under the TCPA as "a prior or existing relationship formed . . . on the basis of the subscriber's purchase or transaction with the entity *within the eighteen (18) months* immediately preceding the date of the telephone call[.]" 47 C.F.R. § 64.1200(f)(5) (emphasis added).[1] Defendant alleges that Plaintiff last purchased items from its website on December 20, 2019—almost six years before Plaintiff

---

[1] Although the provision refers to a "telephone call," the Federal Communications Commission has extended the protections of the DNCR to text messages. *See* Targeting and Eliminating Unlawful Text Messages, 89 Fed. Reg. 5098, 5101, 5099 (Jan. 26, 2024).

received the text messages at issue. *See* ECF No. 6, Counterclaim ¶ 14; ECF No. 1 ¶ 14 (alleging that Plaintiff began receiving unwanted telemarketing text messages from Defendant in June 2025). Thus, any established business relationship Defendant had with Plaintiff expired years before Defendant sent the text messages at issue here. It is unclear how this expired business relationship could form the basis of a claim for fraud.

Turning to Defendant's assertion that Plaintiff "expressly authorized Grunt Style to contact him in the future." ECF No. 6, Counterclaim ¶¶ 13–15. Defendant states that this consent was provided "[i]n connection with" Plaintiff's purchases but does not specifically state how Plaintiff provided this permission or describe the scope of his purported consent. *See U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 188–89 (5th Cir. 2009) ("[P]leading common law fraud with particularity demands the *specifics of the false representation*—without the precise contents of the misrepresentation the plaintiff cannot show he relied on the misrepresentation to his detriment.") (emphasis added).

Moreover, without the precise language with which Plaintiff purportedly gave his "express invitation or permission" to receive marketing messages in 2016 and 2019, the Court cannot reasonably infer that (1) Plaintiff intended to induce Defendant to send him text messages in 2025, or (2) that Defendant reasonably relied on the consent it received in 2016 and 2019 to send messages in 2025. *See* Targeting and Eliminating Unlawful Text Messages, 89 Fed. Reg. 5098, 5101, 5099 ("Texters must have the consumer's prior *express invitation or permission* before sending a marketing text to a wireless number in the DNC Registry.") (emphasis added).

While scienter can be alleged generally under Rule 9(b), the facts alleged must still support the plausible inference that Plaintiff falsely represented a material fact "with knowledge of its falsity or recklessness as to its truth" and "with the intention that it should be acted upon by another

4

party." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 212 (5th Cir. 2009). "In practice, Courts may deduce fraudulent intent from all of the facts and circumstances of a given case." *AHBP LLC v. Lynd Co.*, 649 F. Supp. 3d 371, 387 (W.D. Tex. 2023) (citing *In re Chastant*, 873 F.3d 89, 91 (5th Cir. 1989)).

Defendant asserts that Plaintiff "intended for Grunt Style to rely on his false statements." ECF No. 6, Counterclaim ¶ 19.[2] The Court cannot reasonably infer the requisite scienter from this bare allegation. *See, e.g.*, *Wesdem, L.L.C. v. Ill. Tool Works, Inc.*, 70 F.4th 285, 292 (5th Cir. 2023) ("While Wesden alleges that the promise was false and that ITW knew it was false, these conclusory allegations are 'unadorned' and 'devoid of 'further factual enhancement.'") (quoting *Iqbal*, 556 U.S. at 678). Indeed, given the 18-month timeline for established business relationships (*see* 47 C.F.R. § 64.1200(f)(5)) and four-year limitations period under the TCPA (*see* 28 U.S.C. § 1658(a)), it is facially implausible that Plaintiff intended in 2016 or 2019 to induce Grunt Style to send him text messages in 2025.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss Defendant's counterclaim for fraud (ECF No. 9) is **GRANTED**.

It is so **ORDERED**.

**SIGNED** this 22nd day of December, 2025.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[2] *See also* ECF No. 6, Counterclaim ¶¶ 19, 22 (alleging that Mr. Hennessy "gave his personal information and 'agreement' for the purposes of duping Grunt Style into contacting [him] and thereby providing [him] with a pretext for accusing Grunt Style of wrongdoing" and "engaged in his fraudulent acts with malicious intent to harm Grunt Style for his own benefit or at least with gross negligence").